UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brandon Beyer, | Case No. 23-cv-3770 (JMB/DJF) |
| Plaintiff, | |
| v. | ORDER |
| Jared Rardin; H. Hanson; Nancy Jordan; and E. Meyer, | |
| Defendants. | |

Plaintiff moves to disqualify the undersigned from further proceedings in this matter under 28 U.S.C. § 455 because he claims the undersigned is not impartial when she "never grants any dispositive motion for any prisoner since her appointment as a Magistrate Judge" ("Motion") (ECF No. 9).

28 U.S.C. § 455(a) requires a judge to disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." A judge whose disqualification is sought is often in the best position to determine whether he or she should recuse. *Moran v. Clarke*, 296 F.3d 638, 649 (8th Cir. 2002). "There is no requirement that a [section] 455 motion to disqualify be heard by a different judge than the one whose disqualification it seeks. Indeed, such motions are almost always decided by the judge whose recusal is sought." *United States v. Hogeland*, Case No. 10-cr-0061 (PJS/AJB), 2012 WL 4868904, at *8 n.9 (D. Minn. Oct. 15, 2012). The undersigned confidently addresses Plaintiff's motion on the facts and the law without fear or favor.

"A judge is presumed to be impartial, and the party seeking disqualification bears the substantial burden of proving otherwise." *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006) (quotation omitted). When a party seeks to disqualify a judge for bias or prejudice, he must

demonstrate that "the judge had a disposition so extreme as to display clear inability to render fair judgment." *Id.* (quotation omitted). Plaintiff's sole basis for disqualification is his assertion that the undersigned has never granted any prisoner's dispositive motion. (ECF No. 9 at 1.) He argues that even though the undersigned has not yet ruled on any motion for Plaintiff, "any reasonable person" would question her impartiality in this case because Plaintiff is a prisoner. (*Id.*)

Plaintiff's argument fails both legally and factually. First, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). This is especially true when the moving party does not "present any evidence demonstrating the judge's partiality." *United States v. Melton*, 738 F.3d 903, 906 (8th Cir. 2013). And even if judicial rulings were enough, Plaintiff is incorrect that the undersigned has never ruled in favor of any prisoner's request for dispositive relief. *See, e.g.*, *Benz-Whitebird v. Schnell et al.*, Case No. 23-cv-469 (JWB/DJF), ECF No. 66 (D. Minn. Dec. 12, 2023).

Plaintiff has not met his burden to overcome the presumption of impartiality because he presents no evidence or argument to demonstrate the undersigned is clearly incapable to render fair judgment in this matter. *Denton*, 434 F.3d at 1111. Accordingly, the Court respectfully denies his Motion.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's self-styled motion to disqualify Magistrate Judge Dulce J. Foster (ECF No. [9]) is **DENIED**.


Dated:  December 29, 2023         *s/ Dulce J. Foster*
                                  DULCE J. FOSTER
                                  United States Magistrate Judge