UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brandon Beyer, | Case No. 23-cv-3770 (JMB/DJF) |
| Plaintiff, | |
| v. | ORDER<br>AND<br>REPORT AND RECOMMENDATION |
| Jared Rardin, H. Hanson, Nancy Jordan, and E. Meyer, | |
| Defendants. | |

This matter is before the Court on Plaintiff Brandon Beyer's application to proceed *in forma pauperis* (ECF No. 2) and his self- styled Motion for a Temporary Order and a Preliminary Injunction ("Motion for Injunctive Relief") (ECF No. 3).

**ORDER**

1. Plaintiff Brandon Beyer's application to proceed *in forma pauperis* (ECF No. [2]) is **GRANTED**.

2. The Court directs the U.S. Marshals Service to effect service of process on the United States consistent with Rule 4(i)(1) of the Federal Rules of Civil Procedure.

3. The Court directs the U.S. Marshals Service to effect service of process on Defendants Jared Rardin, H. Hanson, Nancy Jordan, and E. Meyer—each in his or her official capacity with the United States—consistent with Rule 4(i)(2) of the Federal Rules of Civil Procedure.

4. Mr. Beyer must pay the unpaid balance ($313.73) of this action's statutory filing fee in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to authorities at the institution where Mr. Beyer is confined.

**REPORT AND RECOMMENDATION**

Mr. Beyer's Motion for Injunctive Relief asks the Court to order Defendants to let him participate in a "Medication-Assistance Treatment ('MAT') program." (ECF No. 5 at 5-6.)[1] He seeks both a preliminary injunction and a temporary restraining order ("TRO"). (*See* generally ECF Nos. 3, 5.)

Under Federal Rule of Civil Procedure 65(a)(1), a district court "may issue a preliminary injunction only on notice to the adverse party." There is no indication that Defendants have notice of Mr. Beyer's Motion for Injunctive Relief.[2] The Court therefore recommends that Mr. Beyer's Motion for Injunctive Relief be denied insofar as he seeks a preliminary injunction.

The Court also recommends that Mr. Beyer's Motion for Injunctive Relief be denied as to his request for a TRO. Under Rule 65(b)(1), a district court "may issue a [TRO] without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Mr. Beyer has not satisfied either of these requirements.

---

[1] This gravamen of this matter is that the decision by officials at the Bureau of Prisons to not let Mr. Beyer enroll in an MAT program violates certain of his constitutional rights. (*See, e.g.*, ECF No. 1 at 1–2.)

[2] Mr. Beyer submitted a certificate of service attesting that he provided various documents for electronic filing through this District's CM/ECF system. (ECF No. 7.) But Defendants have not appeared in this action, and have not been served with a summons or complaint. Therefore, electronically filing documents did not ensure their service on Defendants. Mr. Beyer also filed a letter he sent to the BOP's Central Office in September 2023 seeking administrative remedies that stated he "intend[ed] to file a preliminary injunction to the federal court regarding the above-titled action". (ECF No. 6-1). But the Court similarly cannot conclude that an unadorned, months-in-advance warning letter provides actual notice of a motion for a preliminary injunction.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Mr. Beyer's Motion for a Temporary Restraining Order and a Preliminary Injunction (ECF No. [3]) be **DENIED**.

Dated: March 7, 2024                              *s/ Dulce J. Foster*
                                                                       DULCE J. FOSTER
                                                                       United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).