# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Brandon Beyer, | Case No. 23-CV-03770 (JMB/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Jared Rardin, H. Hanson, Nancy Jordan, and E. Meyer, | |
| Defendants. | |

This matter is before the Court on Plaintiff Brandon Beyer's Objection (Doc. No. 27) to the Report and Recommendation (R&R) of United States Magistrate Judge Dulce J. Foster, dated March 7, 2024. (Doc. No. 24.) The R&R recommends denying Beyer's self-styled Motion for a Temporary Restraining Order and a Preliminary Injunction (Motion for Injunctive Relief) (Doc. No. 3) on procedural grounds. (*See* Doc. No. 24.) For the reasons set forth below, the Court overrules Beyer's objection and adopts the R&R.

Beyer is a federal prisoner currently incarcerated at FMC Rochester. In his Complaint, Beyer brings claims under 42 U.S.C. § 1983 against several Defendants in their official capacities as administrators and officials at FMC Rochester. (*See* Doc. No. 1.) Beyer also filed an application to proceed in forma pauperis (IFP application) and a Motion for Injunctive Relief on Case Management/Electronic Case Files (CM/ECF) on the same day he filed his Complaint. (Doc. Nos. 1–3.) In the R&R, the Magistrate Judge recommended denying the Motion for Injunctive Relief on grounds that Beyer failed to

notify Defendants of the Motion for Injunctive Relief as required under Federal Rule of Civil Procedure 65(a)(1) and (b)(1).[1] (*See* Doc. No. 24.)

Beyer objects to the R&R, arguing that he need not comply with Rule 65 because he has shown he will suffer imminent and irreparable harm. (*See* Doc. No. 27.) He also argues that he satisfied the notice requirement.[2] (*Id.*) The Court reviews the challenged portions of an R&R under a de novo standard of review. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. L.R. 72.2(b)(3); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (observing that courts liberally construe a self-represented litigant's objections).

Having conducted a de novo review, the Court agrees with the Magistrate Judge's conclusion that Beyer has not satisfied the notice requirements of Rule 65(a)(1) and (b)(1). Beyer's efforts to notify the Defendants of the Motion for Injunctive Relief (Doc. Nos. 3, 6-1, 7) did not provide actual notice to Defendants. His Motion for Injunctive Relief is barred for lack of proper service.

---

[1] On the same day the Magistrate Judge issued the R&R, she also issued an order that granted Beyer's IFP application and directed the U.S. Marshals Service to serve the Summons and Complaint on Defendants. (Doc. No. 23 at 1.)

[2] Conversely, portions of Beyer's response could be construed as a concession that he failed to satisfy the notice requirements. Beyer seemingly acknowledges as much but asserts that his failure to do so resulted from a belief that the Court would effectuate service of the Motion for Injunctive Relief on his behalf. The Court observes that service of a summons and complaint may be made by a United States marshal at the direction of a court "if the plaintiff is authorized to proceed in forma pauperis." Fed. R. Civ. P. 4(c)(3); *see also* 28 U.S.C. § 1915(d). Therefore, Beyer's apparent reliance on officers of the court to also serve the Motion for Injunctive Relief on Defendants is misplaced. Beyer's electronic filing of the Motion for Injunctive Relief did not constitute service on Defendants because, as noted in the R&R, Defendants had not appeared in the action and had not yet been served the summons or complaint. (Doc. No. 24 at 2 n.2.)

In addition to these procedural notice grounds, the Court also denies the Motion for Injunctive Relief because injunctive relief is barred under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[3]  *See, e.g.*, *Fiorito v. Drummy*, No. 22-CV-0923, -0925, -0927 (PJS/TNL), 2023 WL 4052639, at *2 (D. Minn. June 16, 2023) (noting that "a litigant cannot seek injunctive relief under *Bivens*"); *see also Hill v. Holinka*, No. 06-CV-4720 (PJS/JJG), 2008 WL 549928, at *2 (D. Minn. Feb. 27, 2008) (observing that "a *Bivens* claim does not permit relief against a government employee in an official capacity," and "[t]he only relief is for damages from the employee in an individual capacity").  Thus, the relief Beyer seeks is barred.

Accordingly, IT IS HEREBY ORDERED that:

**1.** Plaintiff's Objection to the R&R (Doc. No. 27) is **OVERRULED**.

**2.** The R&R (Doc. No. 24) is **ADOPTED**.

  **a.** Plaintiff's Motion for Injunctive Relief (Doc. No. 3) is **DENIED**.

Dated: May 9, 2024                                    /s/ Jeffrey M. Bryan
                                                      Judge Jeffrey M. Bryan
                                                      United States District Court

---

[3] Beyer identifies section 1983 as the legal basis for his underlying claims against Defendants.  However, because Beyer is a federal prisoner confined in a federal institution and Defendants are federal employees, the action is properly brought, and is construed as being brought, pursuant to *Bivens* rather than under section 1983.  *E.g.*, *Jones v. Fedo*, No. 20-CV-2168 (WMW/HB), 2021 WL 7287670, at *2 n.4 (D. Minn. Dec. 31, 2021) (quotations omitted), *report and recommendation adopted*, 2022 WL 673261 (D. Minn. Mar. 7, 2022); *see also Erickson*, 551 U.S. at 94 (advising that pleadings of self-represented litigants are entitled to liberal construction).