UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Brandon Beyer, | Case No. 23-CV-3770 (JMB/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Jared Rardin, H. Hanson, Nancy Jordan, and E. Meyer, | |
| Defendants. | |

---

This matter is before the Court on Plaintiff Brandon Beyer's Motion for Reconsideration (Doc. No. 32), in which he asks the Court to reconsider the Court's Order (Doc. No. 31) adopting a Report and Recommendation (Doc. No. 24) and denying his Motion for Injunctive Relief. (Doc. No. 3.) For the following reasons, the Court denies Beyer's Motion for Reconsideration.

District of Minnesota Local Rule 7.1(j) prohibits filing a motion to reconsider without leave of court. A party may obtain permission to file a motion to reconsider only by showing that "compelling circumstances" exist. D. Minn. L.R. 7.1(j). "A motion to reconsider cannot be employed to repeat arguments previously made, introduce evidence or arguments that could have been made earlier or tender new legal theories for the first time." *Eng'g & Constr. Innovations, Inc. v. Bradshaw Constr. Corp.*, No. 20-CV-0808 (WMW/TNL), 2022 WL 5249648, at *1 (D. Minn. Oct. 6, 2022). This is so because "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or

1

fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quotation omitted).

Beyer did not ask for the Court's permission to file his present motion. However, because courts liberally construe self-represented litigants' filings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court construes Beyer's motion as a letter seeking permission to file a motion for reconsideration. In his letter, Beyer does not purport to present new evidence or allege that extraordinary circumstances exist. Instead, he largely reiterates arguments the Court has already considered and rejected. Such arguments do not align with the "limited function" of a motion to reconsider. Therefore, Beyer has not demonstrated the existence of "compelling circumstances" as is necessary to seek reconsideration under Local Rule 7.1(j).

Based on the foregoing, and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Plaintiff Brandon Beyer's Motion for Reconsideration (Doc. No. 32) is **DENIED**.

Dated: June 11, 2024                    */s/ Jeffrey M. Bryan*
                                                                                               Judge Jeffrey M. Bryan
                                                                                               United States District Court